UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CV-98-RJC-DSC

| | |
|---|---|
| STEVIE LAMONT STUCKES, | ) |
| Plaintiff, | ) |
| v. | ) ANSWER TO COMPLAINT |
| PIKE ELECTRIC, LLC, | ) |
| Defendant. | ) |

Defendant Pike Electric, LLC ("Pike" or "Defendant"), by and through its attorneys, responds to Plaintiff's Complaint as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff is an African American man who was employed by Defendant between December of 2017 and June of 2020. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 1.

2. Defendant admits that Plaintiff worked at a site in Clearwater, Florida for one day at the end of September of 2019. Defendant further states that Plaintiff subsequently started working at a site in Daytona Beach, Florida on October 1, 2019, then moved to a site in Lake City, Florida on October 14, 2019 where he worked until he was transferred on or around November 10, 2019. Except as expressly admitted herein, Pike denies the allegations contained in Paragraph 2.

3. Defendant admits that the image included in Paragraph 3 appears to be the same or similar image or photograph that was recorded by Keith Meza, on November 9, 2019. Except as expressly admitted herein, Pike denies the allegations contained in Paragraph 3.

4. Defendant admits that an incident was reported to Defendant on or around

November 9, 2019 (the "November 9th Incident"), and that a crew leader at the Lake City location was terminated following an investigation into the incident. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 4.

## BACKGROUND

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant admits that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, and Section 1981 of the Civil Rights Act of 1866 and under North Carolina law. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 7.

## PARTIES

8. Defendant admits that Plaintiff is an African American male and that he, upon information and belief, is a resident of Mecklenburg County, North Carolina. Defendant further admits that Plaintiff was an employee of Defendant and was working in or around Mecklenburg County until he was part of a layoff of Mecklenburg employees that took place on June 1, 2020. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 8.

9. Defendant admits the allegations contained in Paragraph 9.

## JURISDICTION & VENUE

10. Defendant admits that this Court has jurisdiction over all claims currently asserted in this action.

11. Defendant admits that this Court has jurisdiction over all claims currently asserted in this action.

12. Defendant admits that this Court has jurisdiction over the Defendant.

13. Defendant admits that venue is proper in this Court.

14. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC on or around July 14, 2020, that the EEOC issued Plaintiff a right to sue letter on December 10, 2020, and that Plaintiff filed suit within ninety (90) days. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 14.

## FACTUAL BACKGROUND

15. Defendant admits that Plaintiff is an African American male and that he was employed by Defendant from December 2017 through June 1, 2020. Defendant further admits that Plaintiff was employed originally as a groundman and later promoted to a Class C Lineman and that he was generally regarded as a good worker and received generally average scores on periodic performance evaluations. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits that Defendant provided Plaintiff with accommodations in Florida during his time working in Florida and provided travel from North Carolina to Florida and back. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits that as to the Clearwater Site Crew on September 30, 2019, Plaintiff was the only African American person on that crew to Defendant's knowledge. Except as expressly admitted herein, the allegations in Paragraph 20 are denied.

21. Defendant admits that as to the Clearwater Site Crew on September 30, 2019, Plaintiff was the only African American person on that crew to Defendant's knowledge. Except as expressly admitted herein, the allegations in Paragraph 21 are denied.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

### The Knife Incident

26. Defendant denies the allegations in Paragraph 26.

27. Defendant lacks sufficient information to form a belief as to the allegations in Paragraph 27 and therefore denies the same.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant admits that other crew members were present when Plaintiff started an argument with Skidmore, who had been working with a knife to trim wire, and who put the knife down to his side when confronted and before responding to Plaintiff. Except as expressly admitted herein, the allegations in Paragraph 29 are denied.

30. Defendant denies the allegations in Paragraph 30.

### "Strange Fruit" Hanging from Pike Machinery

31. Defendant denies the allegations in Paragraph 31.

4

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant lacks sufficient information to form a belief as to the allegations in Paragraph 35 and therefore denies the same.

36. Defendant lacks sufficient information to form a belief as to the allegations in Paragraph 36 and therefore denies the same.

37. Defendant admits, upon information and belief, that Plaintiff or Plaintiff's father communicated with a family friend who worked for Duke Energy, to describe the November 9th Incident. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 37.

38. Defendant admits that both the argument between Plaintiff and Skidmore and the November 9th Incident were reported to Defendant. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant admits that Keith Meza was terminated at the conclusion of the investigation Defendant performed concerning the November 9th Incident. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

**Two Demotions and a Pay Cut**

5

42. Defendant admits that Defendant transferred and immediately removed Plaintiff from the Lake City, Florida, project the morning after the November 9th Incident, and Defendant provided transportation for Plaintiff to another project in Florida. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 42.

43. Defendant admits the allegations in Paragraph 43.

44. Defendant admits that Plaintiff continued as a Class C lineman and was not demoted in any way or at any time. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 44.

45. Defendant admits that Plaintiff voluntarily chose to leave the new Florida crew to which he had been transferred, and to return to a North Carolina position, knowing that pay scales in North Carolina would dictate a lower rate of pay. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant lacks sufficient information to form a belief as to the allegations in Paragraph 47 and therefore denies the same.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant admits that Banner had a conversation with Plaintiff by text messages, and during the course of that conversation Banner told Plaintiff that North Carolina rates of pay are lower than those in Florida, that Banner would see what he could do to raise Plaintiff's pay rate, but that Plaintiff always had the option to return to a variety of sites in Florida and be paid at Florida rates. Except as expressly admitted herein, Defendant denies the allegations in Paragraph

50.

51.     Defendant admits the allegations in Paragraph 51, and further states that for his work in North Carolina, Plaintiff was paid at the top of the Class C Lineman scale allowed by Defendant's customer in North Carolina, which itself reflected a substantial increase in the rate of pay over what Plaintiff had received when working in Charlotte in September of 2019.

52.     Defendant admits the allegations in Paragraph 52.

53.     Defendant admits that Plaintiff performed storm related work during the month of May of 2020. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

## Termination

55.     Defendant admits that Defendant held a meeting of employees in Charlotte, North Carolina in early May of 2020 to inform them that Defendant's client had reduced Defendant's hours and work in Charlotte, but that Charlotte employees should inform Defendant if they were interested in transferring to a location in South Carolina. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 55.

56.     Defendant admits that on June 1, 2020, Defendant's Charlotte employees who did not opt to transfer to the South Carolina location were laid off. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 56.

57.     Defendant lacks sufficient information to form a belief as to the allegations in Paragraph 57 regarding what Plaintiff "learned" and therefore denies the same. Defendant otherwise denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58, including all subparts.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant admits that Plaintiff continued as a Class C Lineman and was not at any time "demoted" for any reason. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant admits that Defendant did not "cut Stevie's pay." Except as expressly admitted herein, Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

## The EEOC Charge of Discrimination

70. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC on or around July 14, 2020, alleging discrimination on the basis of race and retaliation. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 70.

71. Defendant admits the allegations in Paragraph 71.

72. Defendant admits that Plaintiff filed the instant action within ninety days of December 10, 2020. Except as expressly admitted herein, the allegations in Paragraph 72 are

8

Case 3:21-cv-00098-RJC-DSC   Document 4   Filed 04/06/21   Page 8 of 13

denied.

## FIRST CLAIM FOR RELIEF

### Violation of Title VII – Race/Color Discrimination

### (Hostile Work Environment)

73. Defendant incorporates the previous answers as if fully restated herein.

74. To the extent the allegations contained in Paragraph 74 contain legal conclusions no response is necessary. Defendant otherwise denies the allegations in Paragraph 74.

75. To the extent the allegations contained in Paragraph 75 contain legal conclusions no response is necessary. Defendant otherwise denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76, including all subparts.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant admits the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

## SECOND CLAIM FOR RELIEF

### Retaliation under Title VII and Section 1981

83. Defendant incorporates the previous answers as if fully restated herein.

84. To the extent the allegations contained in Paragraph 84 contain legal conclusions no response is necessary. Defendant otherwise denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

9

86. To the extent the allegations contained in Paragraph 86 contain legal conclusions no response is necessary. Defendant otherwise denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

### THIRD CLAIM FOR RELIEF

**Violation of Section 1981 of the Civil Rights Act of 1866**

91. Defendant incorporates the previous answers as if fully restated herein.

92. Defendant admits that the Plaintiff was generally regarded as a good worker and received generally average employee evaluations. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

### FOURTH CLAIM FOR RELIEF

**Wrongful Discharge in Violation of Public Policy**

99. Defendant incorporates the previous answers as if fully restated herein.

100. N.C. Gen Stat. § 143-422.2 is in writing and speaks for itself. To the extent the

allegations contained in Paragraph 100 contain legal conclusions no response is necessary. Defendant otherwise denies the allegations in Paragraph 100.

101. Defendant admits the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

## FIFTH CLAIM FOR RELIEF

### Negligent Retention and Supervision

104. Defendant incorporates the previous answers as if fully restated herein.

105. Defendant denies the allegations in Paragraph 105.

106. To the extent the allegations contained in Paragraph 106 contain legal conclusions no response is necessary. Defendant otherwise denies the allegations in Paragraph 106.

107. To the extent the allegations contained in Paragraph 107 contain legal conclusions no response is necessary. Defendant otherwise denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108, including all subparts.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

## PRAYERS FOR RELIEF

To the extent that Plaintiff's Prayer for Relief requires a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant asserts the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.

1. Plaintiff has failed to state a claim upon which relief can be granted against Defendant, and, therefore, his claims against Defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. To the extent Plaintiff sustained injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused or contributed to by Plaintiff or others, or violation of applicable statutes, regulations, and standards.

3. Plaintiff is barred, in whole or in part, from any recovery in this action by the doctrine of unclean hands.

4. Plaintiff is barred, in whole or in part, from any recovery in this action by the doctrine of equitable estoppel.

5. Plaintiff's claims fail because Defendant's employment decisions with regard to Plaintiff were based on legitimate, non-discriminatory, lawful reasons.

6. Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant's actions were not malicious, wanton, egregious, done in bad faith or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

7. Plaintiff is not entitled to some or all of the relief requested in the Complaint because Plaintiff has failed to properly mitigate damages.

8. Plaintiff's claims are barred, in whole or in part, as a result of his status as an at-will employee.

9. Defendant reserves the right to amend and plead additional affirmative defenses not presently known but which may be asserted upon discovery.

WHEREFORE, Defendant having fully answered Plaintiff's Complaint prays the Court as follows:

1. Plaintiff have and recover nothing of Defendant and that Plaintiff's Complaint be dismissed with prejudice;

2. The costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

3. Defendant be granted such other and further relief as shall be just and proper.

Respectfully submitted this the 6th day of April, 2021.

/s/ Sarah H. Negus
Russell F. Sizemore
N.C. State Bar 23553
Sarah H. Negus
N.C. State Bar 44444
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
russellsizemore@mvalaw.com
sarahnegus@mvalaw.com

*Attorneys for Defendant Pike Electric, LLC*